**In re the Petition for DISCIPLINARY ACTION AGAINST Harold L. STOLPESTAD, an Attorney at Law of the State of Minnesota.**

**No. C0–89–1418.**

Supreme Court of Minnesota.

June 16, 1992.

### ORDER

The Director of the Lawyers Professional Responsibility Board filed a petition with this Court alleging that the respondent Harold L. Stolpestad has committed professional misconduct warranting public discipline. In the petition, the Director alleges that respondent neglected a client matter entrusted to him, failed to maintain proper trust account books and records, falsely certified on his attorney registration statement that he maintained proper trust account books and records, failed to promptly deposit a retainer, commingled attorney and client funds, failed to provide clients with accountings when retainer fees were withdrawn, and failed to provide clients with written fee agreements informing them that their retainers were non-refundable. Respondent has a history of discipline, including a public reprimand and 2–year probation in 1989 for neglecting a client matter and failing to communicate with the client. Respondent successfully completed the 1989 probation.

Along with the petition, the Director filed a stipulation for discipline between respondent and the Director. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 10(a), Rule 9 and Rule 14 of the Rules on Lawyers Professional Responsibility. Respondent also waived his right to interpose an answer and unconditionally admitted all of the allegations of the petition. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is a 30–day suspension followed by supervised probation for a period of 2 years. Respondent further agreed to the imposition and payment of $750 in costs and $156 in disbursements, pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this

matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That, effective immediately, the respondent, Harold L. Stolpestad, shall be suspended from the practice of law for a period of 30 days, pursuant to Rule 15, Rules on Lawyers Professional Responsibility.

2. That the reinstatement hearing provided for in Rule 18(a) through (d), Rules on Lawyers Professional Responsibility, is waived and respondent shall be reinstated automatically following the expiration of the period of suspension provided that, at least 15 days before the expiration of the period of suspension, respondent files an affidavit with the Clerk of Appellate Courts and the Director's Office establishing that respondent is current with Continuing Legal Education, has complied fully with Rules 24 and 26, Rules on Lawyers Professional Responsibility, and has completed all other conditions imposed by this court.

3. That, upon reinstatement, respondent shall be placed on probation for a period of 2 years, the conditions of which shall be as follows:

a. Respondent shall abide by the Minnesota Rules of Professional Conduct. Respondent shall cooperate with the Director's investigation of any allegations of professional misconduct against respondent which have or may come to the Director's attention. Either respondent's admission or a referee finding of further professional misconduct shall constitute conclusive evidence of a breach of respondent's probation.

b. Within 2 weeks of the date of this order, respondent shall nominate an attorney acceptable to the Director who shall monitor respondent's compliance with the conditions of this probation. Respondent's supervisor shall file written reports with the Director's Office at least quarterly.

c. Respondent shall make an inventory of his files and provide a monthly status report to his supervisor regarding each file.

d. Respondent shall initiate and maintain office procedures which ensure that respondent responds promptly to corre-

spondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

e. Respondent shall maintain books and records concerning law office income and expenses and funds held on behalf of clients in compliance with Rule 1.15, Minnesota Rules of Professional Conduct, and Lawyers Professional Responsibility Board Amended Opinion No. 9. By the first day of each month, respondent shall make all books and records pertaining to his office and trust accounts available to his supervisor. Such books and records also shall be made available to the Director upon request.

4. That respondent successfully shall complete the professional responsibility portion of the multi-state bar examination within one year of the date of this order. Respondent's failure to successfully complete the professional responsibility examination shall result in respondent's automatic suspension until such time as respondent successfully completes the examination.

5. That respondent shall comply with Rule 26, Rules on Lawyers Professional Responsibility.

6. That respondent shall pay to the Director the sum of $750 as costs and $156 as disbursements, pursuant to Rule 24, Rules on Lawyers Professional Responsibility.